IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD WILLIAMS-EL,            )
                               )
            Plaintiff,         )
                               )
      v.                       )  No.  13 C 3769
                               )
CITY OF CHICAGO SOUTHSIDE      )
POLICE DEPARTMENT, MACY'S AND  )
PREMIER SALONS AND ILLINOIS    )
DEPARTMENT OF PROFESSIONAL     )
REGULATION ENFORCEMENT         )
DEPARTMENT UNIT 9511 HARRISON  )
STREET DEPLANES IL ALSO BOX 90 )
POSTAL SERVICE,                )
                               )
            Defendants.        )

MEMORANDUM ORDER

Ronald Williams-EL ("Williams-EL") has brought pro se what he has labeled as an "Improper Persona in Sui Juris Complaint," in which he targets the numerous defendants named above in the case caption. That filing has been accompanied by an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion").[1] Because the federal litigation system is not a haven for objectively frivolous filings (see, e.g., Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000)), and because the obvious absence of subject matter jurisdiction here fits that description, this Court dismisses this action--a dismissal that calls for the denial of the Application and the Motion on

---

[1] Both the Application and the Motion have been tendered on the printed forms made available by the Clerk's Office, with the requested information being supplied by Williams-EL's handprinted inserts.

mootness grounds.

This Court has of course been long aware of, and has consistently applied, the teaching in Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam) that pro se pleadings are to be read through a more generous lens. But that proposition, born out of solicitude for the inexperienced litigant trying to go it alone in an unfamiliar judicial system, does not at all call for such treatment of a litigious serial litigant such as Williams-EL.

Some clues on that score emerge from simply reading the current Complaint, which reveals in a number of places that he is hardly a stranger to the federal litigation system. In his often incomprehensible Complaint narrative he refers to having filed a substantial number of other lawsuits, and his lengthy account contains specific references to litigation before Judges Moran, Aspen and St. Eve. Those things alone suggest that Williams-EL is scarcely the type of unlettered and inexperienced pro se litigant for whom the commendable Haines v. Kerner doctrine was conceived.

And there is more--most likely a good deal more. This Court's courtroom deputy has engaged in a superficial search of cases brought by "Ronald Williams," which she limited to lawsuits that provided the same telephone number or post office box or had the same handwriting as this case. That surface look has turned

2

up Case Nos. 07 C 4976 (originally assigned to Judge Manning, then transferred to Judge St. Eve), 08 C 2048 (assigned to Judge Lefkow), 08 C 2083 (assigned to Judge Gottschall), 08 C 4070 (assigned to this Court), 09 C 1769 (assigned to Judge Manning), 09 C 2968 (assigned to Judge Hart) and 12 C 2456 (assigned to Judge Aspen)--and there is of course the very real possibility that a more searching search would uncover more cases.

Hence neither <u>Haines v. Kerner</u> simpliciter nor a more watered-down version of its principle call for the same solicitude that is accorded to the pro se litigant who confronts the difficulties of handling federal litigation for the first time--and the <u>Haines v. Kerner</u> surely does not require this Court to try to ferret some viable claim out of the hodgepodge that Williams-EL has tendered. As Judge Richard Posner has colorfully stated in a different context, but in terms strikingly appropriate for dealing with Williams-EL's rambling and unfocused narrative (<u>United States v. Dunkel</u>, 927 F.2d 955, 956 (7th Cir. 1991)):

Judges are not like pigs, hunting for truffles.

In that regard, although the Complaint itself does not state any predicate for federal subject matter jurisdiction, the Motion's statement as to Williams-EL's unsuccessful effort to obtain counsel on his own says, "I have been unable to find an attorney because many of them do not want to get involved in

3

1983." This memorandum order will accordingly look at Williams-EL's filing from the perspective of 42 U.S.C. §1983 ("Section 1983"), because diversity of citizenship is clearly unavailable and because no other potential federal-question claim emerges from the Complaint's rambling narrative.

With all of that said, an examination of Williams-EL's discursive submission compels its dismissal for lack of subject matter jurisdiction. Williams-EL's first named defendant, "City of Chicago, South Side Police Department," is of course not a suable legal entity.[2] Next, neither Macy's nor Premier Salons is a "state actor," so that Section 1983 is obviously not relevant to the Complaint's references to them--and again no other source of federal jurisdiction implicating them is identified. As for the Illinois Department of Professional Regulation, which Williams-EL characterizes as "nothing more than a fraudulent Corporation who allow foreigners to commit fraud in Chicago," this Court finds it impossible to connect that bizarre assertion to a viable federal claim. And finally, just what the caption's reference to "Also Box 90 Postal Service" has to do with this District Court's jurisdiction is a total mystery.

## Conclusion

As stated at the outset, this action is dismissed for lack

---

[2] And although Williams-EL names a number of Chicago police officers in his filing, none of his references appear to assert a constitutional deprivation cognizable under Section 1983.

4

of subject matter jurisdiction, and both the Application and the Motion are accordingly denied as moot.  Finally, this memorandum order has been considerably longer than Williams-EL's Complaint might justify, but this Court has considered it important to refer this matter to the Executive Committee of this District Court for its consideration as to whether Williams-EL should be added to its list of restricted filers.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 28, 2013